1832.

Leggett
v.
Dubois.

LEGGETT *vs.* DUBOIS and others.

Where there has been one reference on exceptions to an answer, if a second
or third answer is referred for insufficiency on the old exceptions, it should
be referred to the same master, if he remains in office and is competent to
act in the case.

IN this case the answer of the defendants was excepted to    August 27.
for insufficiency ; and a part of the exceptions, upon a refer-
ence to a master, were allowed.   The defendants thereupon
put in a further answer, which was referred upon the old ex-
ceptions, but to a different master.   This answer being also
reported insufficient, a third answer was put in ; which was
also referred upon some of the old exceptions to a third mas-
ter.   The cause came before the court upon exceptions tak-
en by both parties to the report of the last master.

*T. Fessenden,* for the complainant.

*J. Lynch,* for the defendants.

The CHANCELLOR, upon these facts being stated, said that
where there had been one reference on exceptions to an an-
swer, if a second or third answer was referred on the old ex-
ceptions, the correct practice was to refer it to the same mas-
ter who had passed upon the question of the sufficiency of the
former answer, provided he remained in commission and was
competent to act in the case.   That this was now the settled
practice in England, under an order of the court of chance-
ry, adopted many years since ; and that such was the prac-
tice here previous to the recent revision of the rules.   That it
was not the intention of the court, in the adoption of the 99th
rule, or by the subsequent amendment thereof, to change the
practice in this respect.   That the case of a second reference
of the same answer, where the master to whom the former
reference was made was still competent to act, was not within
the spirit although it was within the letter of the rule.